UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X

MLP U.S.A., INC. (As Assignee of
Mitsui & Co. (U.S.A.), Inc.)

                     Plaintiff,

                     05 Civ. 10796 (LLS)

    -against-

                     **OPINION and ORDER**

JIM MOTHERAL, BILL MOTHERAL, DAVID
MOTHERAL and ROGER MOTHERAL

                     Defendants.

-------------------------------------------X

From documents submitted in opposition to plaintiff's motion for summary judgment, it is apparent that there are genuine issues of fact regarding whether the defendant guarantors were fraudulently induced to sign the guaranty by plaintiff's concealment of its knowledge of the defective nature of the equipment. Plaintiff, who might obtain summary judgment if "there is no genuine issue as to any <u>material</u> fact," Fed. R. Civ. P. 56(c) (my emphasis), argues that the factual issues about inducement are immaterial because the guaranty waived all defenses and was by its terms valid and unconditionally binding "in any event and under all circumstances."

                             1.

With regard to the waiver of all defenses, what the guaranty says is that "Guarantor hereby expressly waives all defenses, <u>which might constitute a legal or equitable discharge of a surety</u>

<u>or guarantor</u> . . ." (my emphasis). This phrase is inapplicable to a defense that the guaranty itself was obtained by deceit. Deceit practiced to obtain the surety's commitment does not "discharge" the surety's obligation; it nullifies the very existence of the obligation.

The defenses waived by this phrase are those which might satisfy or discharge responsibilities "of a surety or guarantor" in connection with the underlying obligation, <u>i.e.</u>, with the performance the surety is guaranteeing: defenses which might excuse the underlying obligor.

That is different from the defense asserted here: that the guarantors have no liability under the guaranty itself, like any other parties to any contract, when the guaranty itself was procured by fraud.

2.

In the balance of that sentence, each guarantor-defendant ". . . agrees that this Guaranty shall be valid and unconditionally binding upon Guarantor in any event and under all circumstances." That squarely raises the question: does it prevent the defendants from asserting that those words, like all the rest of the guaranty, were procured by fraudulent concealment of material facts?

The general rule in New York State and in this Circuit is that it does not prevent that defense. In <u>Manufacturers Hanover</u>

Trust Co. v. Yanakas, 7 F.3d 310 (2d Cir. 1993) the words "This guarantee shall be a continuing, absolute and unconditional guarantee of payment" were held not to bar a defense of fraudulent inducement, under the rule that to bar such a defense the "guarantee must contain explicit disclaimers of the particular representations that form the basis of the fraud-in-the-inducement claim" id. at 316. The Court of Appeals stated, of its ruling that the district court had erred in ruling that "the fact that his guarantee stated that it was `absolute and unconditional' precluded his claims of fraudulent inducement" (id. at 315):

> This view is supported by many state court decisions . . . that have ruled that the mere general recitation that a guarantee is "absolute and unconditional" is insufficient . . . to bar a defense of fraudulent inducement, and that the touchstone is specificity. Thus, where specificity has been lacking, dismissal of the fraud claim has been ruled inappropriate. [citing cases].

Id. at 316.

Following Yanakas, this court in JPMorgan Chase Bank v. Liberty Mutual Ins. Co., 189 F.Supp.2d 24 (S.D.N.Y. 2002) held that a broad disclaimer clause stating:

> The obligations of each Surety hereunder are absolute and unconditional, irrespective of the value, validity or enforceability of [the underlying obligations] or any other agreement or instrument referred to therein and, to the fullest extent permitted by applicable law, irrespective of any other circumstance whatsoever that might otherwise constitute a legal or equitable discharge or defense of a surety in its capacity as such.

was ineffective to bar a claim of fraudulent concealment, for lack of a "clear indication that the disclaiming party has knowingly

disclaimed reliance on the specific representations that form the basis of the fraud claim." Id. at 27.

That is what differentiates this case from Citibank, N.A. v. Plapinger, 66 N.Y.2d 90, 485 N.E.2d 974 (N.Y. 1985), a leading and often-cited authority in this area, discussed in both the Yanakas and JPMorgan Chase cases above. In Plapinger the sureties were corporate officers whose defense, that they would not have signed the guaranty except for their reliance on the bank's promise to furnish an $8 million line of credit, conflicted with their statement in the guaranty that it was "absolute and unconditional." The assurance that the guaranty was "absolute and unconditional" foreclosed their defense that their signature was conditioned on an oral promise of additional credit. "To permit that would in effect condone defendants' own fraud in `deliberately misrepresenting [their] true intention'" id., 66 N.Y.2d at 95, 485 N.E.2d at 977, quoting Danann Realty Corp. v. Harris, 5 N.Y.2d at p. 323, 184 N.Y.S.2d 599, 157 N.E.2d 597 (brackets in Plapinger). Here the defense is that the defendants were unaware of the defective state of the equipment, which was fraudulently concealed from them to induce them to sign the guaranty.

## Conclusion

The guaranty's waiver of all defenses "which might constitute a legal or equitable discharge of a surety or guarantor" and

agreement that its guarantee of the obligor's payment and performance "shall be valid and unconditionally binding upon Guarantor in any event and under all circumstances" does not render immaterial the defense that those words--and the whole Guaranty itself--were procured by fraudulent concealment of plaintiff's knowledge of the defective nature of the equipment.

Accordingly, there are genuine issues as to material facts, and plaintiff's motion for summary judgment is denied.

So ordered.

DATED: New York, New York
August 17, 2006

                                                        _/s/ Louis L. Stanton_
                                                        LOUIS L. STANTON
                                                          U. S. D. J.